BRONSON LAW OFFICES, P.C.  
*Proposed Counsel for Debtor*  
480 Mamaroneck Ave.  
Harrison, NY 10528  
914-269-2530 (tel.)  
888-908-6906 (fax)  
H. Bruce Bronson  
hbbronson@bronsonlaw.net  

Hearing Date: April 19, 2019  
Hearing Time: 10:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------X  
In re:  

CREATIVE LEARNING SYSTEMS LLC  
DBA THE GODDARD SCHOOL,  

                      Debtor.  
-------------------------------------------------------------X  

Chapter 11  
Case No. 18-23814 (RDD)  

## MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT FROM BFT II, LLC PURSUANT TO SECTION 364(c)(1) OF THE BANKRUPTCY CODE

**TO: THE HONORABLE ROBERT D. DRAIN**  
**UNITED STATES BANKRUPTCY JUDGE:**

      The above-captioned debtor and debtor-in-possession Creative Learning Systems, LLC d/b/a The Goddard School (the "**Debtor**"), by its proposed counsel, Bronson Law Offices, P.C., hereby submits this motion (the "**Motion**") for entry of an order, in substantially the form attached hereto authorizing the Debtor to obtain credit from BFT II, LLC, a New York Limited Liability Company, which recently took over management of Debtor ("**Manager**" or "**Lender**") pursuant to §364(c)(1) of the Bankruptcy Code. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a) and 364(c)(1) of title 11 of the United States Code, (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3. On November 26, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").

4. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

5. No official committee of unsecured creditors, trustee or examiner has been appointed herein.

6. The Debtor operates a day-care facility located at 62 Triangle Ctr., Yorktown Heights, NY 10598 (the "**Business**").

7. The Manager took over management of the Debtor on April 5, 2019, by agreement between the Manager and Annette Cunha, the sole member of the Debtor.

8. Manager is managed by Vladimir Breyter, an experienced businessman who has an interest in acquiring Debtor or the assets of Debtor. A family member of Mr. Breyter owns the Manager.

9. The Manager will provide debtor in possession financing upon the terms set forth herein; provided that the Court issue a final order approving such financing.

**RELIEF REQUESTED**

10. The Debtor submits this Application pursuant to § 364(c)(1) of the Bankruptcy Code and Bankruptcy Rule 4001(c) seeking authority for the Debtor to obtain credit as a simple administrative expense as that term is defined in § 503(b)(1)(A) of the Bankruptcy Code in order to allow the Debtor to meet its post-petition operational obligations as they come due.

11. The Debtor seeks to borrow up to the sum of $20,000 from Lender, which entity has taken over the management of the Debtor as of April 5, 2019, pursuant to an agreement between Manager and Annette Cunha, the sole member of the Debtor.

12. The Debtor seeks authority to borrow the funds, in accordance with the terms of the loan agreement (the "**Loan Agreement**") attached hereto as "**Exhibit A**", in order to help pay its ongoing, necessary and ordinary course post-petition expenses (particularly payroll for which there will be a shortfall next week if dip financing is not permitted) and sustain operations until the Debtor can stabilize itself.

13. A budget is attached hereto as "**Exhibit B**" which sets forth the need for the requested financing.

14. The Debtor fell behind on its rent payments and certain other obligations and was in imminent danger of being evicted prior to its bankruptcy filing. The Debtor's management has been replaced by Manager over the concern that the company will not successfully emerge from Chapter 11 bankruptcy without pro-active management and a cash infusion.

15. The Debtor is confident that it will be able to generate sufficient revenue in the short term but until such time, it seeks authority to borrow funds from Lender in order to remain current in its post-petition obligations.

16. The post-petition financing sought herein is required by the Debtor in order to supplement its current cash flow in order meet its ordinary and necessary post-petition business expenses such as rent, insurance, payroll and suppliers until the Debtor is able to increase its revenues in order to "stand on its own".

17. Without a loan, the Debtor will not be able to meet its payroll obligations and thereby risk losing its work force. Additionally, the Debtor may default on certain of these obligations and could face motions by its creditors pursuant to §362 of the Bankruptcy Code. Should the Debtor lose its workforce or should a §362 motion be granted, the Debtor faces a likely cessation of the Debtor's operations, resulting in significant, immediate, and irreversible diminution of the value of the Debtor's assets and an inability to reorganize and either conversion or dismissal of its case.

18. As set forth above, the Debtor expects to be operating at a break-even very soon; however, until that time Debtor urgently needs funds to sustain its operations. The Lender is willing to lend the necessary funds to Debtor on favorable terms.

**BASIS FOR THE RELIEF SOUGHT**

19. § 364 (a), (b), (c) and (d) of the Bankruptcy Code provide as follows:

> (a) If the trustee is authorized to operate the business of the debtor under section of 1108, 1304, 1203, or 1204 of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.

(b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt-

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

(3) secured by a junior lien on property of the estate that is subject to a lien.

(d)(1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if-

  (A) the [debtor] is unable to obtain such credit otherwise; and
  (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."

20. Thus, section 364 of the Bankruptcy Code provides for an escalating level of protection for a lender, providing such lender sufficient protection and incentive to grant credit in a speculative and uncertain business environment.

21. In the instant case, the Lender is seeking only priority over administrative expense claims pursuant to § 364(c)(1) of the Bankruptcy Code. Thus, in terms of the escalating scale of protection provided under § 364, the transaction for which approval is being sought herein is at the low end of such protections, with a limited effect on the Debtor's creditors and the estate. Without such funds, the Debtor will be unable to meet its obligations including but not necessarily limited to salaries and monthly ongoing rent and thus be prevented from operating which will result in significant, immediate, and irreversible diminution of the value of the Debtor's assets and be detrimental to its ability to reorganize. The funding is necessary to satisfy the Debtor's post-petition administrative obligations, to generate new revenue by maintaining its employees, paying its rent for its business premises and such other necessary costs of operations.

22. The Debtor seeks to borrow up to the aggregate sum of $20,000.00 from the Lender, upon entry of an Order approving the borrowing on a final basis, pursuant to terms and conditions as stated in the Loan Agreement annexed hereto. **See "Exhibit A" attached hereto.**

## TERMS AND CONDITIONS OF THE PROPOSED LENDING

23. The Lender has agreed to a simple administrative claim with the loan to be payable, upon the earlier of: (a) one (1) year from the date of the remittance of the Loan; (b) dismissal of Debtor's Chapter 11 case; (c) conversion of Debtor's Chapter 11 case to a proceeding under Chapter 7 of the Bankruptcy Code, (d) BFT II, LLC ceasing to be manager of the Debtor, or (e) failure to make an agreement with the Debtor's landlord regarding the lease for Debtor's business premises.

24. The Lender as further agreed to allow the Debtor to repay and reborrow funds up a maximum outstanding balance of $20,000 in order to enable the Borrower to limit the interest expense incurred by the Debtor and to enable the Debtor to most cost-effectively manage its working capital.

25. In light of the foregoing, the Debtor respectfully submits that the proposed Agreement is in the best interests of the Debtor, its creditors and the estate at large. Without Court approval of the proposed borrowing, the Debtor will have insufficient cash with which to meet its post-petition expenses, the estate's assets will be dangerously compromised thereby causing irreparable harm to the Debtor, the creditors and the estate.

## NOTICE

26. In order to obtain Court permission to borrow funds pursuant to § 364 of the Bankruptcy Code, the Debtor is required to comply with Bankruptcy Rule 4001(c) with respect to this request. Bankruptcy Rule 4001(c)(1) provides as follows:

> **Motion, Service.** A motion for authority to obtain credit shall be made in accordance with Rule 9014 and shall be accompanied by the credit agreement and a proposed form of order.
>
> **Service.** The motion shall be served on (1) any committee elected under § 705 or appointed under §1102 of the Code or its authorized agent or, if the case is a chapter 9 municipality case or a chapter 11 reorganization case and no committee of unsecured creditors has been appointed pursuant to Section 1102, on the creditors included on the list filed pursuant to Rule 1007(d); and (2) on such other entity that the court directs.

27. Bankruptcy Rule 4001(c)(2) provides as follows:

> **Hearing.** The court may commence a final hearing on a motion for authority to obtain credit no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a hearing before such 14-day period expires, but the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

(b) The Debtor has provided notice of this Motion to: (a) the United States Trustee; (b) all creditors, (c) parties filing notices of appearance, and (d) the Lender. In light of the nature of the relief requested, the Debtor submits that no further notice is required or needed under the circumstances.

## NO PRIOR REQUESTS

28. No prior motion for the relief requested herein has been made to this Court or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the proposed form of Order annexed hereto granting the Debtor all of the relief requested herein, together with such other and further relief as is just and proper under the circumstances, for all of which no prior request has been made to this or any other Court.

Dated: Harrison, NY  
April 17, 2019

BRONSON LAW OFFICES, P.C.

By:/s/ *H. Bruce Bronson*  
H. Bruce Bronson