

EXHIBIT A

## LOAN AGREEMENT

Agreement made this ___ day of April, 2019, by and between CREATIVE LEARNING SYSTEMS LLC d/b/a The Goddard School, debtor-i n-possession, having a principal place of business at 62 Triangle Ctr, Yorktown Heights, NY 10598 ("**Borrower**") and BFT II, LLC, having a principal place of business at 90 State Street, Suite 700, Office 40, Albany, NY 12207 (hereinafter referred to as "**Lender**").

### WITNESSETH:

**WHEREAS,** Borrower is a debtor-in-possession pursuant to a voluntary petition for reorganization filed under Chapter 11 of Title 11 of the United States Code (the "**Code**") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Case Number 18-23814 (RDD) and who has continued in the possession of its property and the management of its affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code; and

**WHEREAS,** Lender desires to provide a certain loan (the "**Loan**") to partially fund current business operations of the Debtor as more particularly set forth herein; and

**WHEREAS,** Borrower and Lender have engaged in negotiations with respect to Lender funding ongoing operations of Borrower; and

**WHEREAS,** Borrower is unable to obtain funds on terms any less stringent than those provided herein.

**NOW THEREFORE,** in consideration of the foregoing and the mutual covenants contained herein, the parties agree as follows:

1. **Agreement:** The parties hereto agree to the substance of the proposed lending as described below, which may not be modified without Lender's prior written approval. A promissory note will be executed by the parties in accordance with the terms set forth herein.

2. **Advance:** Lender shall advance to Borrower the aggregate sum of up to TWENTY THOUSAND ($20,000.00) DOLLARS (the "Loan"), on an as-needed basis, pursuant to Section 364(c)(1) of the Bankruptcy Code by the Bankruptcy Court authorizing Lender to advance said sums. The Borrower may repay and reborrow funds under this Loan upto a maximum outstanding balance of Twenty Thousand ($20,000) Dollars.

3. **Borrower Representations:** Borrower has represented to Lender, and Lender accepts such representation, that the loan proceeds shall be used solely for the purposes of financing ordinary and customary business operations of the Debtor, on an as-needed basis and substantially in accordance with the budget as annexed hereto as **Exhibit A** or as otherwise agreed to by the Lender in connection with the usual and ordinary course business operations.

4. **Interest and Term:** The loan shall accrue interest at the rate of seven percent (7%) on the average daily outstanding balance and principal and interest shall be due upon the earlier of: (a) one year from the date of the remittance of the Loan; (b) dismissal of Borrower's Chapter 11 case; (c) conversion of Borrower's Chapter 11 case to a proceeding under Chapter 7 of the Bankruptcy Code (d) upon the breakdown of negotiations with the Debtor's landlord, or (e) the Lender ceasing to be manager of Debtor.

5. **Conversion to Equity:** The loan may be converted to equity of the Debtor at any time, in part or in whole, at the option of Lender on the basis of a pre-money valuation of $5,000.

6. **Credit Bidding:** The loan may be credit bid in a sale of the Debtor's assets.

7. **Priority Claim:** Lender shall be granted a claim superior to administrative claims pursuant to Section 364(c)(1) of the Bankruptcy Code in the Debtor's Chapter 11 case to the extent of any advances made hereunder.

8. **Final Order:** This Loan Agreement is expressly conditioned upon the entry of a final order by the Bankruptcy Court approving and authorizing this Agreement and the approval of the administrative priority status granted to Lender herein pursuant to Section 364(c)(1) of the Bankruptcy Code.

9. **Allocation of Payments:** Payments shall be first credited to any accrued interest and any remainder will be credited to principal.

10. **Waiver of Presentment:** Borrower waives presentment for payment, notice of dishonor, protest and notice of protest.

11. **Non-Wavier:** No failure or delay by Lender in exercising Lender's rights under this Note shall be considered a waiver of such rights.

12. **Severability:** In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other provision all of which shall remain in full force and effect.

13.    **Notice** Any notices required or permitted to be given hereunder shall be given in writing and shall be delivered (a) in person, (b) by certified mail, postage prepaid, return receipt requested, (c) by facsimile, or (d) electronic mail (email), and such notice shall be made to the parties at the addresses listed below.

14.    **Governing Law:** This loan agreement shall be governed by the laws of the State of New York

In witness whereof the parties have executed this agreement as of the date first above written.

**LENDER:**

BFT II, LLC

By:_____

**BORROWER:**

CREATIVE LEARNING SYSTEMS, LLC
D/B/A THE GODDARD SCHOOL

BY:_____
MANAGER