

101 Park Avenue, 17th Floor
New York, NY 10178
Tel (212) 878-7900  Fax (212) 692-0940
www.foxrothschild.com

KATHLEEN M. AIELLO
Direct No:  212.878.7908
Email: KAiello@FoxRothschild.com

April 24, 2019

**VIA ECF AND EMAIL**

The Honorable Robert D. Drain
United States Bankruptcy Judge
Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re:    In re Creative Learning Systems, LLC, Debtor; U.S.B.C. S.D.N.Y.**
     **(Case No. 18-23814 (RDD) – Letter Updating Court re Payroll Loan_____**

Dear Judge Drain:

We represent Goddard Systems, Inc. ("GSI"), franchisor and administrative creditor of Creative Learning Systems, LLC (the "Debtor"), the debtor in the above-referenced case.  On April 17, 2019, the Debtor, by and through its new proposed counsel, filed a Motion to Approve Debtor in Possession Financing (the "Motion") [ECF No. 29] from BFT II, LLC ("BFT").  The Debtor represented that BFT was the new manager of the Debtor through Mr. Vladimir Breyter ("Mr. Breyter"). BFT also was the prospective purchaser of the Debtor and the anticipated post-petition lender to fund the Debtor's payroll for the period ending April 19, 2019.  The Court has not approved any of these roles for BFT or Mr. Breyter.  The Debtor filed the Motion on an emergent basis, presumably to ensure that the Debtor's payroll was funded adequately and timely.

GSI filed an objection (the "GSI Objection") to the Motion on April 18, 2019. [*See* ECF Nos. 36, 42].  On April 19, 2019, the Court held a hearing (the "Hearing") on the Motion and the GSI Objection.  At the Hearing, GSI understood the Court to have denied the Motion to the extent it sought authority for BFT to extend post-petition credit to the Debtor.  Instead, we understood the Court's instructions to determine whether GSI would consider funding the Debtor's post-petition payroll in the amount of $15,000 so that it could facilitate an orderly wind-down and closing of

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Minnesota
Nevada    New Jersey    New York    North Carolina    Pennsylvania    South Carolina    Texas    Washington



the Debtor's business in accordance with the Franchise Agreement, New York State law and the protocol GSI has in place for closing its franchises.

Consistent with the Court's instructions, GSI agreed to fund the Debtor's payroll solely in connection with the orderly wind-down of the school in accordance with the law and agreements set forth above. GSI worked diligently and expeditiously to draft a proposed order and promissory note for the Debtor's execution, by and through Ms. Annette Cunha[1] rather than BFT. GSI presented documents to the Debtor's counsel for review, which it planned to submit to the Bankruptcy Court for approval in time to fund the payroll account by Tuesday, April 23, 2019, as the Debtor represented was required to pay employees by Friday, April 26, 2019. GSI was prepared to effectuate the transfer of the funds directly to ADP as soon as the loan was approved by court order.

GSI learned late on Tuesday that the Debtor would not agree to the closing of the Debtor's school in a manner consistent with the Franchise Agreement, New York State law or GSI's protocol and one that would completely terminate the franchise. In summary, GSI requires it to be clear that the school has officially closed, that all Goddard materials, signage, student and employee records and proprietary marks are removed from the school and that all students and employees have dispersed from the school upon closing.

GSI is also concerned that Mr. Breyter still appears to be acting as the decision maker for the Debtor, which is inconsistent with the Franchise Agreement, state law, and the Court's instructions at the Hearing. Consequently, GSI could not reach an agreement with the Debtor to loan money for the Debtor's payroll on terms that were agreeable to GSI and the Debtor. GSI remains willing to facilitate an orderly closing of the Debtor's school and to effect a complete removal of anything related to the Goddard franchise pursuant to the Franchise Agreement, state law and the GSI protocol for school closing. If the Debtor will not agree to such relief, GSI will file a motion to seek the appropriate relief from the Court.

---

[1] GSI understood from the Debtor's proposed counsel that he was representing the Debtor, not BFT or its principal Vladimir Breyter, and that Ms. Cunha signed a new engagement letter on behalf of the Debtor for representation of the Debtor going forward in this case.



Very truly yours,

***/s/ Kathleen M. Aiello***

Kathleen M. Aiello

cc:     Thomas Horan, Esq.
        Bruce Bronson, Esq.
        Brian Masumoto, Esq.