UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                    Chapter 11
                                                          Case No. 18-23814 (RDD)
CREATIVE LEARNING SYSTEMS LLC,

                                    Debtor.
-------------------------------------------------------------X

**ORDER (1) AUTHORIZING DEBTOR TO OBTAIN CREDIT
FROM BFT II, LLC PURSUANT TO SECTION 364(c)(1) OF
THE BANKRUPTCY CODE, AND (2) REJECTING THE
FRANCHISE AGREEMENT WITH
GODDARD SYSTEM, INC. PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE**

**UPON** the motion filed with the Court on April 17, 2019 [ECF No.29] (the "Motion") of the above-captioned debtor and debtor in possession (the "Debtor"), by its proposed attorneys, Bronson Law Offices, P.C., pursuant to Bankruptcy Rule 4001(c) and § 364(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") seeking an order permitting the Debtor to borrow funds, on a final basis, from BFT II, LLC (the "Lender") in accordance with the loan agreement annexed hereto as Exhibit A (the "Loan Agreement"); and upon the objection (the "Objection") of Goddard Systems, Inc. ("GSI"), the franchisor of the Debtor, filed on April 18, 2019 [ECF Nos 36, 42]; and upon the letter, dated April 24, 2019, filed by counsel to GSI regarding status following the April 19, 2019 hearing on the Motion [ECF No. 44]; and upon the letter dated April 24, 2019 filed by proposed counsel to the Debtor supplementing the Motion and proposing a motion rejecting the franchise agreement pursuant to § 365 of the Bankruptcy Code [ECF Nos. 45, 46]; and upon the record of the initial, April 19, 2019 hearing and the continued hearing held by the Court on the Motion and the Debtor's request to reject the GSI franchise agreement on April 26, 2019; and the GSI

Objection having been overruled without GSI's consent or withdrawal; and all other objections being withdrawn or overruled, it is hereby found and determined that:

(1) the Debtor has been unable to obtain credit on any terms less stringent than those set forth in the Loan Agreement;

(2) the Debtor has been unable to obtain credit simply as an administrative claim;

(3) the Debtor requires the borrowing pursuant to the Loan Agreement in order to preserve property of the estate pending a plan of reorganization or sale of assets and to avoid immediate and irreparable harm to its estate and creditors that would result from the Debtor's closure;

(4) the advances to be made by the Lender shall be used only for necessary and ordinary business expenses;

(5) there is no entitlement to a brokerage or financial consultant fee associated with the transaction contemplated under the Loan Agreement;

(6) the Lender is fully capable of making the advances to the extent allowed and/or required under the Loan Agreement and this Order; and

(7) GSI has declined to make funding available to Debtor upon terms agreeable to Debtor and GSI has not consented to the terms of the Loan Agreement;

(8) Rejection of the GSI franchise agreement as set forth herein is a proper exercise of business judgment and warranted under applicable law; and

(9) upon due deliberation on the relief requested by the Debtor, good and sufficient cause having been shown, and no additional notice or hearing being required, it is hereby

**ORDERED,** that the Debtor is authorized pursuant to § 364(c)(1) of the Bankruptcy Code to borrow from the Lender up to the sum of $15,000.00 in accordance with the terms and conditions set forth in the Loan Agreement annexed hereto as <u>Exhibit A</u> as amended by this

Order, which Loan Agreement is hereby approved; provided, that the Lender's right to convert the amounts advanced under the Loan Agreement to pre-confirmation equity in the Debtor shall not exist until after the Franchise Rejection date; and it is further

**ORDERED**, that the Lender is granted a superpriority claim under § 364(c)(1) of the Bankruptcy Code to the extent of advances actually made and unpaid pursuant to the Loan Agreement, up to the sum of $15,000.00. In extending credit under the Loan Agreement, the Lender shall be deemed to have acted in good faith as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, which shall be provided to it; and it is further

**ORDERED,** that the claim granted to the Lender hereby shall be subject to the United States Trustee Fees pursuant to 28 U.S.C. § 1930 and statutory interest thereon and the fees of the Clerk of the Court; and it is further

**ORDERED,** that the Debtor, as assignee of that certain franchise agreement by and between Annette Cunha and Antonio Cunha (the "Franchisees") and GSI, dated July 14, 2015 (the "Franchise Agreement"), under which the Franchisees were granted the right and undertook the obligation to operate The Goddard School franchise located at 62 Triangle Center, Yorktown Heights, New York 10598 (the "School"), rejects the Franchise Agreement in accordance with § 365 of the Bankruptcy Code, as of May 10, 2019 (the "Franchise Rejection"); and it is further

**ORDERED,** that the Debtor and GSI agree to an orderly transition from the GSI franchise to a non-Goddard school and facility, to be completed by the Franchise Rejection Date, which will include, without limitation: (1) the prompt turnover to GSI or deletion of all property held by Debtor that belongs to GSI, including all proprietary information and materials; (2) GSI personnel being on site, at GSI's discretion, to ensure an orderly transition of the School to a non-Goddard school; (3) during the

transition period from the date of submission of this Order to the Court to the Franchise Rejection date, the Debtor using its best efforts to with GSI to implement the provisions of this Order and the transition of the Debtor to a non-Goddard School; (4) GSI, in coordination with the Debtor promptly sending letters to the parents of the school children informing them of the closing of The Goddard School as a result of cessation of the Franchise Agreement and the continuation of the Debtor's school as a non-Goddard school; (5) Debtor ceasing to use the Goddard name or to hold itself out as a Goddard school, without waiver of GSI's rights to enforce its intellectual property, trademark, and other rights; (6) Debtor, in coordination with GSI sending letters to and otherwise communicating with the parents of the school children informing them that the Debtor will continue to operate as a non-Goddard school and facility; (7) Debtor removing all signage, interior and exterior, reflecting the name The Goddard School; (8) in connection with an orderly transition, GSI turning off the Franchise Management System and discontinuing the Debtor's (including its management and professionals) access to it, upon two days prior notice to the Debtor's counsel, but no earlier than the Franchise Rejection date; (9) upon the Franchise Rejection date, Annette Cunha will no longer be an employee of the Debtor and the non-Goddard school; (10) there will be no interference from GSI with the continuation of the school as a non-Goddard school after the closure of the school as a Goddard school; and it is further

**ORDERED,** that neither Debtor or GSI or any of their affiliates, principals, employees or attorneys will disparage each other; and it is further

**ORDERED,** that GSI reserves its rights, if any, to file a claim against the Debtor's bankruptcy estate for any damages arising in connection with the Franchise Rejection as of the date thereof, <u>which claim shall be filed, if at all, on or before 45 days after the date of this Order</u>, in addition to any administrative claims for unpaid postpetition expenses due GSI under the Franchise

Agreement through and including April 30, 2019. For the avoidance of doubt, GSI will only be entitled to a pro rata portion of any administrative claims against the bankruptcy estate for any payments under the Franchise Agreement during the period between April 30th, 2019 and the Franchise Rejection date; and it is further

**ORDERED,** that nothing contained herein shall operate to subordinate or modify any and all duly perfected prepetition liens against the Debtor's property; and it is further

**ORDERED**, that this Order is effective immediately upon its entry, and any stay of this Order under the Bankruptcy Rules that is waivable for cause is waived, for cause; and it is further

**ORDERED,** that in the event of any conflict between this Order and the Loan Agreement, this Order will take precedence.

Dated: White Plains, NY
April 29, 2019

/s/Robert D. Drain
_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE