BRONSON LAW OFFICES, P.C.
*Counsel for Debtor*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
H. Bruce Bronson
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                               Case No. 18-23814 (RDD)
CREATIVE LEARNING SYSTEMS LLC,

                                                   Debtor.
------------------------------------------------------------X

## DEBTOR'S LIMITED OBJECTION TO THE MOTION OF GODDARD SYSTEMS, INC. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRTIAVE EXPENSE CLAIM UNDER 11 U.S.C.§§ 503(b) FOR ROYALTY FEES AND ADVERTISING CONTRICBUTIONS INCURRED BY THE DEBTOR POST-PETITON

CREATIVE LEARNING SYSTEMS LLC (the "**Debtor**") objects, in part, to the motion (the "**Motion"**) of Goddard Systems, Inc. ("**Goddard**") to allow and compel payment of administrative expense claims under 11 U.S.C. § 503(b) for unpaid royalty fees and advertising contributions incurred by the Debtor post-petition. In support of this limited objection the Debtor states the following:

1. Debtor concurs with Goddard's statement of facts contained in its motion under the section "Background", except for the statement in paragraph 21 of the Motion that "Debtor required a modification of the Franchise Rejection Date" which Debtor contends was mutually agreed upon.

2. Debtor does not object to Goddard's calculation of the amounts owed of $23,076.34 as an administrative expense claim (the "**Administrative Expense Claim**").

3. While Debtor questions whether the Goddard Administrative Expense Claim is "the actual, necessary costs and expenses of preserving the estate", Debtor does not challenge this point; provided, that the Administrative Expense Claim is not immediately payable and can be paid pursuant to the Debtor's Plan. 11 U.S.C. § 503(b).

4. Debtor objects to Goddard's requiring immediate payment and contends that such payment is not required or necessary and would be detrimental to Debtor promulgating a confirmable Plan.

5. There are other claims that should be paid either before, or pare parsu with, Goddard's claims. These claims are scheduled to be paid or waived upon confirmation of a Plan, including amounts owed to BFT as a superpriority claim, the Landlord, and legal counsel. The payment of Goddard prior to the confirmation of a Plan would result in preferential treatment of the Goddard Administrative Expense claim.

6. The Debtor is about to file a disclosure statement and plan of reorganization (the "**Plan**"). Such disclosure statement and plan are expected to be filed prior to the hearing date of the Motion. The disclosure statement will describe the treatment of the Goddard Administrative Expense Claim as well as its unsecured claim.

7. As stated in Goddard's Motion "courts have discretion as to whether to provide for immediate payment…." *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002).

8. In *In re King*, 392 B.R. 62 (Bankr. S.D.N.Y., 2008), Judge Glenn extensively analyzes the timing of the payment of administrative expense payments as follows:

> The timing of distributions for administrative expense payments, other than at the close of the case, is within the discretion of the Court. *Varsity Carpet Serv., Inc. v. Richardson (In re Colortex Indus., Inc.),* 19 F.3d 1371, 1384 (11th Cir.1994) (holding that due to the existence of higher priority claims, it was within the discretion of the court to delay payment of administrative expenses); *Spartan Plastics v. Verco Indus. (In re Verco Indus.),* 20 B.R. 664, 665 (9th Cir. BAP 1982) ("The determination of when an administrative expense is to be paid is within the discretion of the trial court."); *see also Local 144 Hosp. Welfare Fund v. Baptist Med. Ctr of New York, Inc. (Matter of Baptist Med. Ctr. of New York, Inc.),* 52 B.R. 417, 421 (E.D.N.Y.1985) (recognizing *Verco* as standing for the proposition that the court is not required to allow immediate payment of administrative expenses); *In re Chi-Chi's, Inc.,* 305 B.R. 396, 401 (Bankr.D.Del.2004) (denying immediate payment of administrative expenses finding that administrative expenses may be delayed when the estate may not be able to pay all administrative expenses in full or based on other factors). Courts have also held that the court's discretion as to the timing of administrative payments should be used to ensure the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall. *In re Chi-Chi's, Inc.,* 305 B.R. at 401 (quoting *In re HQ Global Holdings, Inc.,* 282 B.R. 169, 173 (Bankr. D.Del.2002)); *In re LTV Steel Co.,* 288 B.R. 775, 779 (Bankr.N.D.Ohio 2002) (denying immediate payment of administrative expenses because the Bankruptcy Code does not require it and instead requires parity amongst administrative claims); 4 COLLIER ON BANKRUPTCY ¶ 503.03.

*King* at 67-8.

9. Accordingly, it is abundantly clear that under the case law Goddard's Administrative Expense Claim need not be paid immediately as is demanded by Goddard.

10. Currently Debtor does not have the funds on hand to pay Goddard its Administrative Expense Claim; however, the proposed Plan of reorganization will provide for payment in full. A cash contribution from the Debtor's principal, as a mechanism of funding the Plan will satisfy the Goddard Administrative Expense Claim. Without such contribution, there would be no funds to make payment.

11. Debtor believes that the Plan to be proposed by Debtor will be confirmable within a reasonable period of time.

12. Debtor reserves all rights to object to Goddard's other claims.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the court find that the Goddard Administrative Expense Claim be deferred to be paid pursuant to a confirmed plan of reorganization.

Dated: July 15, 2019
Harrison, NY

**BRONSON LAW OFFICES, P.C.**

/s/: H. Bruce Bronson
H. Bruce Bronson, Esq.