BRONSON LAW OFFICES, P.C.
*Counsel for Debtor*                                    .
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
H. Bruce Bronson
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                                Chapter 11
                                                                      Case No. 18-23814 (RDD)

CREATIVE LEARNING SYSTEMS LLC,

                                                        Debtor.
-------------------------------------------------------------X

### MOTION FOR ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO LEASE SPACE FOR THE <u>OPERATION OF ITS BUSINESS</u>

**TO: THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtor and debtor-in-possession Creative Learning Systems, LLC (the "**Debtor**"), by its counsel, Bronson Law Offices, P.C., hereby submits this motion (the "**Motion**") for entry of an order, in substantially the form attached hereto authorizing the Debtor to enter into a new lease with its landlord EK Triangle LLC ("**Landlord**") pursuant to §363(b)) of the Bankruptcy Code. In support of this Motion, the Debtor submits the Declaration of Vladimir Breyter (the "**Breyter Declaration**") and the Debtor respectfully states as follows:

### <u>JURISDICTION</u>

1.      The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.	The statutory bases for the relief requested herein are §§ 105(a) and 363(b) of title 11 of the United States Code, (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3.	On November 26, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").

4.	The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

5.	No official committee of unsecured creditors, trustee or examiner has been appointed herein.

6.	The Debtor operates a day-care facility (the "**Business**") located at 62 Triangle Ctr., Yorktown Heights, NY 10598 (the "**Leasehold**").

7.	The Leasehold was the subject of a lease by and between Debtor and Landlord (the "**Old Lease**").

8.	Pursuant to stipulation entered into by and between the Landlord and Debtor all but $10,000 of the month rent was deferred through June 15, 2019.

9.	Pursuant to a second stipulation entered into by and between the Landlord and Debtor [ECF Dkt. No. 64], all but $10,000 of the monthly rent is deferred through October 15, 2019.

10.	Debtor and Landlord have negotiated a new lease (the "**New Lease**") which lowers the rent and has certain other beneficial terms. See "**Exhibit A**"-New Lease attached hereto.

11. The New Lease will supersede the Old Lease once approved by the Court.

12. The New Lease has the following pertinent provisions:

(a) Rent will initially be $10,000 per month for the first seven months of the lease and thereafter $20,000 per month for the balance of the first year. The New Lease gradually escalates to $22,510.18 in the fifth year.

(b) There is an option to extend the lease for an additional 5 years with monthly lease payments increasing to $26,095.46 in the tenth year.

(c) All other terms of the New Lease remain substantially the same as the Old Lease.

(d) In conjunction with the New Lease, Vladimir Breyter has provided a limited guaranty which in addition to the guaranty of rent payments contains the following important provisions:

    i. The Landlord agrees to vote in favor of a plan of reorganization (the "**Plan**") sponsored by BFT II, LLC.

    ii. The Landlord agrees to waive its administrative expense claims.

    iii. The Landlord acknowledges that the Plan may not provide for any payment to Landlord on account of prepetition claims, administrative claims or rejection claims.

## RELIEF REQUESTED

13. The Debtor submits this Application pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code seeking approval of the Debtor to enter into the New Lease. The New Lease is necessary and is an improvement over the Old Lease in that the payments are lower.

## BASIS FOR RELIEF

14.     The Debtor's decision to enter into the New Lease is based on his sound business judgment and should be approved. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he [debtor-in possession],after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate outside the ordinary course of business, courts in the Second Circuit and others have required that it be based on the trustee's sound business judgment. See *Official Comm. of Unsecured Creditors of LTV Aerospace and Defense Co. v. The LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In reJohns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

15.     Here entering into the New Lease is eminently reasonable in that it significantly lowers the rent for the existing space.

16.     The Debtor is about to file a Disclosure Statement and Plan of Reorganization which is expected to be viable and confirmable. The New Lease is an integral part of the Plan of Reorganization.

## NOTICE

17.     Notice of the Motion will be given to: (i) the U.S. Trustee, (ii) the holders

of the twenty (20) largest unsecured claims against the Debtor, (iii) any party that has filed

a notice of appearance in this case; and (iv) any such other party entitled to notice pursuant

Bankruptcy Rule 2002 and Local Bankruptcy Rule 9013-1(b). The Debtor respectfully

submits that, under the circumstances, no other or further notice is required.

18.     No prior motion for the relief requested herein has been made to this Court or

any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the

proposed form of Order annexed hereto granting the Debtor all of the relief requested herein,

together with such other and further relief as is just and proper under the circumstances,.

Dated: Harrison, NY
July 19, 2019

BRONSON LAW OFFICES, P.C.

By:*/s/ H. Bruce Bronson*
    H. Bruce Bronson